NO. 07-01-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 26, 2002

______________________________

ANTHONY RAY GREEN,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 351
ST
 DISTRICT COURT OF HARRIS COUNTY;

NO. 874,095; HON. MARK KENT ELLIS, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, J.J.

Appellant Anthony Ray Green was convicted by a jury of burglary of a habitation with intent to commit aggravated assault upon Judy Green.  His sole point of error involves the trial court’s refusal to exclude a photograph of Raymond Green, appellant’s uncle and one of the victims of the assault.  The photograph depicts Raymond’s nude upper torso, 
i.e.
 stomach, chest, arms and head, as it appeared after he died of complications from the assault.  Also depicted are a sutured embalmer’s incision measuring approximately four inches on the neck of the decedent and a hole in his abdomen (measuring one-half inch) through which the decedent was fed before dying.   According to appellant, the picture was inadmissible because its prejudicial effect substantially outweighed its probative value.
  This issue is identical to that raised in Cause
 No. 07-01-0408-CR, styled 
Anthony Ray Green v. State
, which 
also pends in this court.  Consequently, we overrule the point of error for the reasons expressed in our opinion issued this day in Cause Number 07-01-0408-CR and affirm the judgment of the trial court.

Brian Quinn

    Justice

Do not publish.

 to withdraw.  
See 
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Based upon the rationale expressed herein, we affirm. 

In compliance with 
Anders
, counsel certifies he diligently reviewed the records and, in his opinion, they reflect no reversible error or grounds upon which these appeals can be predicated.  Thus, he concludes the appeals are without merit.  Additionally, counsel candidly discusses why, under the controlling authorities, there is no error in the court's judgments.  
See
 High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978).  
Finally, counsel certifies he provided appellant with copies of the briefs and the reporter’s records and advised him of his rights to review the records and to file a 
pro se
 response.  To date, appellant has not availed himself of those rights.  In its briefs, the State agrees with appellant’s counsel that the appeals are without merit.

In considering requests to withdraw such as this, we face two interrelated tasks.  
See
 McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 1904, 100 L.Ed.2d 440, 455 (1988).  First, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal.  
Id
.  Next, we must determine if counsel has correctly concluded the appeal is frivolous.  
Id
.

Our review of the records reveals the following information: (1) appellant pled guilty without the benefit of plea bargains; (2) prior to accepting the pleas, the trial court admonished him in accordance with article 26.13 of the Texas Code of Criminal Procedure; (3) appellant admitted the facts alleged in the indictments and two of the enhancement paragraphs were true and correct; (4) after accepting appellant’s pleas, the court received evidence during a separate punishment phase of the trial and sentenced appellant to 25 years confinement.  The records reveal no irregularity in the plea proceedings.

Furthermore, we recognize that, whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty waives the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.  Young v. State, 8 S.W.3d 656, 667 (Tex.Cr.App. 2000).   However, our review of the records reveals no error in any of the trial court’s pretrial rulings.  We, therefore, conclude appellant’s knowing, intelligent and voluntary pleas of guilty were sufficient to waive his right to appeal.  

Finally, we have made our own careful examination of the record in each case to determine if there are arguable grounds which might support the appeals.  
See
 Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds and agree with counsel that the appeals are without merit and are, therefore, frivolous. 

 Accordingly, counsel's motions to withdraw are granted, and the judgments of the trial court are affirmed.

Don H. Reavis  

     Justice

Do not publish.